UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARY ANNE PERRY,

                                                Plaintiffs,

        - against -

THE MARGOLIN & WEINREB LAW
GROUP LLP, and PITNICK & MARGOLIN,
LLP, and ALAN WEINREB, C. LANCE
MARGOLIN, and IRWIN PITNICK,
each in their professional and individual
capacities.

                                                Defendants.
-----------------------------------------------------------X

**ORDER**

14-3511 (JS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

Presently before the Court in this single-plaintiff Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") action is Defendants' letter motion to compel Plaintiff to respond to supplemental document requests served following Plaintiff's deposition. *See* Defendants' Letter Motion ("Defs.' Mot.") [DE 34]. Defendants seek to compel Plaintiff to produce copies of her credit card statements, debit card statements, transaction journals associated with her checking account, and cellular phone records for the time period when Plaintiff was employed by Defendants. *See generally id.* Plaintiff opposes the motion. *See* Plaintiff's Letter Motion in Opposition (Pl.'s Opp.") [DE 36]. For the reasons explained below, Defendants' motion is GRANTED, in part, and DENIED, in part.

## II.  BACKGROUND

Plaintiff was employed as a paralegal for Defendants from October 2009 to March 5, 2014. Compl. [DE 1] ¶¶ 21, 22.  The Complaint alleges that, from the time Plaintiff began working for Defendants in October 2009 until approximately March 2010, "Defendants required Plaintiff to work, and Plaintiff did in fact work, approximately fifty-five hours per week in order to fulfill her duties."  *Id.* ¶ 23.  From about April 2010 to June 2012, "Defendants required Plaintiff to work an additional ten hours per week from home, thus bringing her weekly total hours worked to approximately sixty-five."  *Id.* ¶ 24.  From around July 2012 until Plaintiff's termination on March 5, 2014, "Plaintiff ceased working from home and her office hours decreased by five each week. Thus, Plaintiff's hours totaled approximately fifty per week during this period."  *Id.* ¶ 25.  The Complaint asserts that, for the duration of Plaintiff's employment, "Defendants paid Plaintiff for only her first thirty-five hours worked per work," and "did not compensate Plaintiff at any rate, let alone the statutorily mandated minimum wage rate of pay or her overtime rate of one and one-half times her standard rate of pay," for the hours Plaintiff worked per week in excess of forty.  *Id.* ¶ 26.  Defendants also "did not keep records of the hours Plaintiff worked."  *Id.* ¶ 28.  At all times during her employment by Defendants, Plaintiff states that she was a covered "person" and "employee" entitled to protection under the FLSA and NYLL.  *Id.* ¶ 5.

Based on these allegations, Plaintiff has brought claims against the Defendants under the FLSA and NYLL.  *See id.* ¶¶ 30-69.  Defendants answered the Complaint, denying Plaintiff's allegations and asserting a number of affirmative defenses, including that the claims are barred by statutory exemptions set forth in the FLSA and NYLL.  *See* Answer [DE 13] ¶¶ 87, 94.

Plaintiff's deposition was held on May 18, 2015.  *See* Excerpts of Plaintiff's Deposition Transcript ("Dep. Tr."), attached to Defs.' Mot. as Ex. A.  During the deposition, Defendants'

counsel questioned Plaintiff about a December 14, 2012 email produced during discovery, which concerned Plaintiff's dispute over a charge to her checking account. *See id.* at 75:1-77:25. Plaintiff testified that the email was not work-related, and that she sent it during a workday afternoon from her work email address. *See id.* 76:11-78:10. Defendants' counsel also questioned Plaintiff about a one-page, redacted statement from her checking account which was attached to the email. *See id.* at 78:11-83:10. In particular, Defendants' counsel focused on four transactions represented on the statement which, according to their dates and times, purport to show that Plaintiff made purchases on her debit card during working hours. *See id.* Plaintiff also testified at her deposition that she occasionally made personal phone calls while at work. *Id.* at 85:18-21.

Based on the foregoing, Defendants served Plaintiff with supplemental document requests seeking copies of Plaintiffs' (1) credit card records and statements, (2) debit card records and statements, (3) transaction journals associated with Plaintiff's checking account, and (4) cell phone records from October 27, 2009 to March 5, 2014, the time period during which Plaintiff was employed by Defendants. *See* Defendants' First Set of Supplemental Document Requests, attached to Defs.' Mot. as Ex. D, at 7-8. Plaintiff objected to the production of these documents, prompting the instant motion to compel.

### III. LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure provides for the discovery of relevant, non-privileged information which "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b). "'Relevance' under Rule 26 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case.'" *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir.

3

1992) (noting that the scope of discovery under Rule 26(b) is "very broad"); *Greene v. City of New York*, No. 08 Civ. 243, 2012 WL 5932676, at *3 (E.D.N.Y. Nov. 27, 2012) (citing *Crosby v. City of New York*, 269 F.R.D. 267, 282 (S.D.N.Y. 2010) (explaining that Rule 26 must be construed broadly to include any matter that has, or could reasonably have, bearing on any issue that is, or may be, in the case)); *Barrett v. City of New York*, 237 F.R.D. 39, 40 (E.D.N.Y. 2006) (noting that the information sought "need not be admissible at trial to be discoverable.").

Notwithstanding the foregoing principles, however, "[t]he party seeking discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Barbara v. MarineMax, Inc.*, No. 12 Civ. 368, 2013 WL 1952308, at *2 (E.D.N.Y. May 10, 2013) (citing *Wells Fargo Bank, N.A. v. Konover,* No. 05 Civ. 1924, 2009 WL 585430, at *5 (D. Conn. Mar. 4, 2009); *Evans v. Calise,* No. 92 Civ. 8430, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994)). In general, "[a] district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina,* 695 F.3d 201, 207 (2d Cir. 2012) (citing *In re Agent Orange Prod. Liab. Litig.,* 517 F.3d 76, 103 (2d Cir. 2008)); *Barbara*, 2013 WL 1952308, at *3 ("Courts afford broad discretion in magistrates' resolution of discovery disputes.").

## IV. DISCUSSION

### A. Credit Card, Debit Card, and Checking Account Records

Defendants argue that the documents they seek in their supplemental requests are relevant "to ascertain Plaintiff's personal activities and whereabouts during the workday," and more specifically, "to support Defendants' defenses that Plaintiff did not 'always' work the hours alleged in the Complaint." Defs.' Mot. at 2. Defendants assert that, "[c]ontrary to Plaintiff's objection, courts have deemed relevant and have directed the production of credit card, debit card

and cellular phone statements to refute . . . allegations of continued uninterrupted work in FLSA cases." *Id.* Defendants rely exclusively on one such case, *Caputi v. Topper Realty Corp.*, No. 14-CV-2634, 2015 WL 893663 (E.D.N.Y. Feb. 25, 2015), in which Magistrate Judge Locke recently denied the defendant's motion to compel the plaintiff to produce her credit and debit card statements. *Caputi*, 2015 WL 893663, at *4. However, Judge Locke did require the plaintiff to provide a "sampling" of both her ATM transactions records and her cell phone records for the relevant time period. *Id.* at *4-*5. Defendants assert that, unlike *Caputi*, Plaintiff here has been deposed and has testified regarding certain debit card transactions set forth in the sample of her checking account statement. *See* Defs.' Mot. at 3. According to Defendants, Plaintiff's testimony about these transactions is sufficient to demonstrate that the credit card, debit card, and checking account records they seek are "relevant and probative on the issue of the actual hours Plaintiff worked during her employment." *Id.* at 3.

In her opposition, Plaintiff characterizes Defendants' requests as a "fishing expedition," and argues that Defendants have provided "no basis to justify their intrusive requests for Plaintiff's personal financial records." Pl.'s Opp. at 2. Noting that courts have been reluctant to allow defendants in FLSA cases "to comb through a plaintiff's financial records for the purposes of establishing that . . . the plaintiff was engaging in non-work activities," Plaintiff points out that, in *Caputi*, Judge Locke *declined* to compel the plaintiff to produce her credit and debit card statements due to "the 'intrusiveness' and privacy concerns associated with such requests." *Id.* (quoting *Caputi*, 2015 WL 893663, at *4). Accordingly, Plaintiff urges that Defendants' motion be denied in its entirety. *See id.*

The Court concludes that, under the circumstances presented here, Defendants' requests for nearly four years' worth of Plaintiffs' credit card, debit card, and checking account statements are

5

overbroad and not reasonably calculated to lead to admissible evidence. Having reviewed the portion of the deposition transcript provided by the Defendants, the Court finds the "evidence" relied upon by Defendants to make this motion to be *de minimus*. Moreover, although Defendants attempt to distinguish this case from *Caputi*, the Court finds that, as in *Caputi*, the potential relevance of Plaintiff's financial records "is outweighed by the intrusiveness of disclosing certain private information contained therein, including Plaintiff's personal spending habits." *Caputi*, 2015 WL 893663, at *4.

The Court further finds that, contrary to Defendants' contentions, the single sample checking account statement Defendants uncovered during discovery and referenced during Plaintiff's deposition has not opened the door for the wholesale disclosure of Plaintiff's financial records. Defendants apparently believe that any time Plaintiff used her debit credit, credit card, or checking account, she was not working, and they now hope to discover additional financial records which, in their view, reveal that Plaintiff conducted her personal banking during hours she alleges she was working. Defendants' theory is simply "too speculative to support the broad nature of the discovery [they] seek[]" here. *Palma v. Metro PCS Wireless, Inc.*, 18 F. Supp. 3d 1346, 1349 n.2 (M.D. Fla. 2014); *see Caputi*, 2015 WL 893663, at *4. Even if Plaintiff did conduct financial transactions during working hours, "this is not the smoking gun Defendant seems to think it is," as Plaintiff "may have engaged in personal banking during breaks from work." *Palma*, 18 F. Supp. 3d at 1349. Indeed, Plaintiff testified during her deposition that she took breaks during working hours in to order to handle personal matters. *See* Dep. Tr. 247:14-17. "Given the ease with which transactions can be accomplished remotely," the Court is not convinced that the extensive financial records Defendants seek here "will provide sufficiently probative indicators of Plaintiff's activities and whereabouts to outweigh the risk of unnecessarily disclosing non-discoverable private

6

information." *Caputi*, 2015 WL 893663, at *4.  Finally, the Court does not construe Plaintiff's deposition testimony as admitting that she did, in fact, make personal purchases with her debit card during her working hours, as Defendants suggest.

For the foregoing reasons, Defendants' motion to compel is DENIED to the extent that it seeks Plaintiffs (1) credit card records and statements, (2) debit card records and statements, and (3) transaction journals associated with Plaintiff's checking account for the period of October 27, 2009 to March 5, 2014.

### B.     Cell Phone Records

Defendants argue that they are entitled to Plaintiff's cell phone records from the same time period because "Plaintiff has testified that she did, in fact, make personal phone calls during work time." Defs.' Mot. at 3.  Plaintiff contends in opposition that Defendants have failed to state any compelling need for Plaintiff's cell phone records which would "justify such an extension intrusion into Plaintiff's personal life."  Pl.'s Opp. at 3.

The Court finds that Plaintiff's cell phone records are arguably relevant to the issue of how many hours Plaintiff alleges she worked for Defendants each week.  It is undisputed, as Plaintiff stated during her deposition, that she occasionally made personal phone calls while at work.  Dep. Tr. at 85:18-21.  To the extent these personal phone calls were made from an office telephone, Defendants would already have access to those records.  However, Plaintiff has asserted in this action that she worked up to 10 hours per week from her home while employed by Defendants. *See* Compl. ¶ 24.  Plaintiff testified during her deposition that her at-home work often took place after hours and long into the night.  *See* Dep. Tr. at 249:6-17.  Defendants are entitled to test the accuracy of these assertions, and to that extent, the Court finds that Plaintiff's cell phone records are marginally relevant.  However, the Court declines to compel Plaintiff to turn over the all of the

7

cell phone records corresponding to her entire period of employment with Defendants.  Rather, in order "to balance Defendant[s'] entitlement to relevant information against Plaintiff's concerns over the possibility of a 'fishing expedition,'" *Caputi*, 2015 WL 893663, at *5, the Court will require Plaintiff to produce a sampling of her cell phone records covering the period of April 2012 through June 2012, which are the last three months Plaintiff alleges that she worked from home for up to 10 hours per week.  *See* Compl. ¶ 24.  Should Defendants have a good-faith basis after reviewing these phone records to seek additional records, Defendants may make an appropriate application to the Court at that time.

Accordingly, Defendants' motion to compel is GRANTED, in part, to the extent that Plaintiff is directed to produce her cell phone records covering the period from April 1, 2012 through June 30, 2012.

## VI.     CONCLUSION

Defendants' motion to compel is GRANTED, in part, and DENIED, in part.

**SO ORDERED.**

Dated: Central Islip, New York
       July 7, 2015

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge